IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CINDY DUSENBERRY, MARILYN PREM, and all others similarly situated,<br><br>           Plaintiffs,<br><br>      vs.<br><br>COUNTY OF KAUAI; KAUAI POLICE DEPARTMENT; FORMER KAUAI POLICE DEPARTMENT CHIEF K.C. LUM, in his individual and official capacity; KAUAI POLICE OFFICER DARLA ABBATIELLO; KAUAI POLICE OFFICER SCOTT KAUI; KAUAI POLICE SERGEANT VICKI FONOIMOANA,<br><br>           Defendants. | CIVIL NO.  07-00180 JMS/LEK<br><br>ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, SCOTT KAUI AND VICKI FONOIMOANA'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT; (2) GRANTING DEFENDANT LUM'S JOINDER IN DEFENDANT COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, SCOTT KAUI AND VICKI FONOIMOANA'S MOTION; (3) GRANTING DEFENDANT ABBATIELLO'S JOINDER IN DEFENDANT COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, SCOTT KAUI AND VICKI FONOIMOANA'S  MOTION; (4) GRANTING DEFENDANT ABBATIELLO'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT; AND (5) GRANTING DEFENDANT LUM'S JOINDER IN DEFENDANT ABBATIELLO'S MOTION |

ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, SCOTT KAUI AND VICKI FONOIMOANA'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT; (2) GRANTING DEFENDANT LUM'S JOINDER IN DEFENDANT COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, SCOTT KAUI AND VICKI FONOIMOANA'S MOTION; (3) GRANTING DEFENDANT ABBATIELLO'S JOINDER IN DEFENDANT COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, SCOTT KAUI AND VICKI FONOIMOANA'S MOTION; (4) GRANTING DEFENDANT ABBATIELLO'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT; AND (5) GRANTING DEFENDANT LUM'S JOINDER IN DEFENDANT ABBATIELLO'S MOTION

## I. INTRODUCTION

Despite the length of this Order's title, the issues before the court are straightforward. On April 2, 2007, Plaintiff Cindy Dusenberry ("Dusenberry") filed a Complaint alleging that the County of Kauai, the Kauai Police Department, and various officials violated her constitutional rights pursuant to 42 U.S.C. § 1983. An amended Complaint, adding Marilyn Prem ("Prem") as a Plaintiff, was filed on April 20, 2007. Before the court are five motions filed by Defendants: (1) Defendant County of Kauai, Kauai Police Department, Scott Kaui and Vicki Fonoimoana's Motion to Dismiss, or in the Alternative, for Summary Judgment; (2) Defendant K.C. Lum's Joinder in Defendant County of Kauai, Kauai Police Department, Scott Kaui and Vicki Fonoimoana's Motion to Dismiss, or in the Alternative, for Summary Judgment; 3) Defendant Abbatiello's Joinder in

Defendant County of Kauai, Kauai Police Department, Scott Kaui and Vicki Fonoimoana's Motion to Dismiss, or in the Alternative, for Summary Judgment; 4) Defendant Abbatiello's Motion to Dismiss, or in the Alternative, for Summary Judgment; and 5) Defendant K.C. Lum's Joinder in Defendant Abbatiello's Motion to Dismiss, or in the Alternative, for Summary Judgment.  A hearing was held on October 1, 2007.  The County of Kauai and Dusenberry filed supplemental briefing, as permitted by the court, on October 5, 2007.

       The court GRANTS in part and DENIES in part Defendant County of Kauai, Kauai Police Department, Scott Kaui and Vicki Fonoimoana's Motion to Dismiss, or in the Alternative, for Summary Judgment and GRANTS the remaining motions.  Finally, the court GRANTS Plaintiffs Leave to Amend their Complaint as specifically permitted by this Order.

## II.  BACKGROUND

       The April 2, 2007 Complaint alleges that on March 30, 2005, Dusenberry was arrested and subjected to an unconstitutional strip search by Kauai Police Department Officer Darla Abbatiello.  The April 20, 2007 First Amended Complaint contains the same claim, but also alleges that on April 24, 2005, Prem was arrested and subjected to an unconstitutional strip search by Abbatiello and Kauai Police Department Officer Vicki Fonoimoana.  Both

Complaints allege that the unconstitutional strip searches were conducted pursuant to routine policy, practice, and custom.

### III. STANDARDS OF REVIEW

**A. Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, a court takes the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001). "Conclusory allegations of law, however, are insufficient to defeat a motion to dismiss." *Id.* Under Rule 12(b)(6), a complaint should not be dismissed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id.*

**B.      Summary Judgment Standard**

A party is entitled to summary judgment where there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c).  When reviewing a motion for summary judgment, the court construes the evidence -- and any dispute regarding the existence of facts -- in favor of the party opposing the motion.  *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1086 (9th Cir. 2001).  "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Thus, summary judgment will be mandated if the non-moving party "'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'"  *Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999) (*quoting Celotex*, 477 U.S. at 322).

## IV.  ANALYSIS

**A.      Motion to Dismiss the Officers in Their Official Capacities**

The First Amended Complaint, in the caption, names Lum "in his individual and official capacity."  Abbatiello, Kaui, and Fonoimoana, although not specifically named in either an official or individual capacity, are described in the First Amended Complaint as violating either Dusenberry or Prem's rights "as part of her [or his] duties as a Kauai Police Officer."  Further, the First Amended

Complaint appears to base the right to recovery on the alleged illegal policy, practice, and custom of conducting strip searches.  Given the nature of this pleading, the court construes the allegations against Abbatiello, Kaui, and Fonoimoana as official capacity claims.

"There is no longer a need to bring official-capacity actions against local government officials, for under [*Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978)], local government units can be sued directly for damages and injunctive or declaratory relief."  *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).  Further,

> [a]fter the *Monell* holding, it is no longer necessary or proper to name as a defendant a particular local government officer acting in official capacity.  To do so only leads to a duplication of documents and pleadings, as well as wasted public resources for increased attorneys fees.  A plaintiff cannot elect which of the defendant formats to use.  If both are named, it is proper upon request for the Court to dismiss the official-capacity officer, leaving the local government entity as the correct defendant.  If only the official-capacity officer is named, it would be proper for the Court upon request to dismiss the officer and substitute instead the local government entity as the correct defendant.

*Luke v. Abbott*, 954 F. Supp. 202, 204 (C.D. Cal. 1997).  Because the County of Kauai is named, the court DISMISSES the First Amended Complaint against the

police officers in their official capacities, leaving the County of Kauai as the proper governmental defendant.

Given the uncertainty as to whether Plaintiffs intended to name Abbatiello, Kaui, and Fonoimoana in their individual capacities, the court GRANTS leave to amend the First Amended Complaint, to name Officers Abbatiello, Kaui, and Fonoimoana in their individual capacities.[1]

**B.     Motion to Dismiss the Kauai Police Department**

The Kauai Police Department argues that because it is a department within the County of Kauai and not an independent entity, it is not a proper party under § 1983. Plaintiffs acknowledge that the Kauai Police Department is an entity of the County of Kauai,[2] but asks the court to permit the claim against the Kauai Police Department, analyzing the claims against the County of Kauai and the Kauai Police Department under a general rubric of municipal liability.

---

[1] Given the court's ruling below that Dusenberry's § 1983 claim against the officers is barred by the statute of limitations, the First Amended Complaint may not be amended to name the officers in their individual capacities as to any claim by Dusenberry.

[2] Taking judicial notice of the Charter of the County of Kauai, *see Demos v. City of Indianapolis*, 302 F.3d 698, 706 (7th Cir. 2002), the court agrees that the Kauai Police Department does not exist independently of the County of Kauai. The charter provides that the "people of the county of Kauai are and shall continue to be a body politic and corporate in perpetuity. . . ." Art. I, § 1.01. All power of the county of Kauai "shall be carried into execution as provided" by the charter. Art. II, § 2.01. Finally, Article XI of the charter establishes the Kauai Police Department as an entity of the County of Kauai.

Because the Kauai Police Department does not exist as an independent entity, "all liability charged against the [Kauai Police Department] would be charged against defendant [County of Kauai]." *Meyer v. City & County of Honolulu,* 6 Haw. App. 505, 507 n.1, 729 P.2d 388, 390 n.1 (Haw. Ct. App. 1986), *rev'd in part on other grounds*, 69 Haw. 8, 731 P.2d 149 (Haw. 1986); *see also Aguilera v. County of Nassau*, 425 F. Supp. 2d 320, 324 (E.D.N.Y. 2006). Plaintiffs have not demonstrated why the Kauai Police Department should remain in the case. To name both the County of Kauai and the Kauai Police Department is simply redundant and unnecessary. The court therefore DISMISSES the action against the Kauai Police Department without leave to amend.

**C.    Statute of Limitations Regarding Dusenberry**

The original Complaint, filed on April 2, 2007, alleges that Dusenberry was arrested and subjected to an unconstitutional strip search on March 30, 2005. This court to looks to state law to determine the applicable statute of limitations under § 1983. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (in § 1983 actions, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, unless inconsistent with federal law). The Hawaii Supreme Court has determined that the applicable statute of limitations for claims brought under § 1983 is two

years pursuant to Hawaii Revised Statute ("HRS") § 657-7.[3] *Pele Defense Fund v. Paty*, 73 Haw. 578, 595, 837 P.2d 1247, 1259 (1992); *see also Allen v. Iranon*, 99 F. Supp. 2d 1216, 1238 (D. Haw. 1999) ("In Hawaii, the statute of limitations for actions under Section 1983 is two years from the date of the violation.").

During the October 1, 2007 hearing, Dusenberry conceded that the two-year statute of limitations expired as to her claims against Lum, Abbatiello, Kaui, and Fonoimoana (whether in an official or individual capacity).[4] She maintains, however, that HRS § 657-13 tolls the two-year statute as to the County of Kauai. The court agrees.

HRS § 657-13 provides:

If any person entitled to bring any action specified in this part (excepting actions against the sheriff, chief of police, or other officers) is, at the time the cause of action accrued, either:
    (1) Within the age of eighteen years; or
    (2) Insane; or,
    (3) Imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than the person's natural life;

---

[3] HRS § 657-7 provides that "[a]ctions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after, except as provided in section 657-13."

[4] In her Memorandum in Opposition, Dusenberry claimed that pursuant to *Wallace v. Kato*, 127 S. Ct. 1091 (2007), the accrual date for the statute of limitations occurred upon her release from prison, not the date of the strip search. At the hearing, Dusenberry abandoned this argument.

> such person shall be at liberty to bring such actions within the respective times limited in this part, after the disability is removed or at any time while the disability exists.

The Hawaii Supreme Court requires this court to give effect to the statute's plain and unambiguous meaning.

> First, the fundamental starting point for statutory interpretation is the language of the statute itself.  Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning.  Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself.  Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.  And fifth, in construing an ambiguous statute, the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning.

*Awakuni v. Awana*, 115 Haw. 126, 133, 165 P.3d 1027, 1034 (2007) (*quoting Peterson v. Haw. Elec. Light Co., Inc.*, 85 Haw. 322, 327-28, 944 P.2d 1265, 1270-71 (1997)).  Section 657-13 contains plain and unambiguous language: although the statute of limitations is tolled if a person is imprisoned when the cause of action accrues, the tolling provision does not apply to actions against "the sheriff, chief of police, or other officers."  The statute does not exempt counties, leaving no doubt or uncertainty as to its limited reach.

The County of Kauai argues, however, that the court should not apply a "strict interpretation" of the statute, relying in part on *Canosa v. State of Hawaii*, 2007 WL 128849 (D. Haw. 2007) and *Samonte v. Sandin*, 2007 WL 461311 (D. Haw. 2007). In fact, these decisions provide no support to the County of Kauai.

Although *Canosa* and *Samonte* determined that the Department of Public Safety was exempt from HRS § 657-13's tolling provision, the rulings were based not on an isolated reading of HRS § 657-13, but on enabling legislation specifically applying HRS § 657-13 to the Department of Public Safety:

> the functions, authority, and obligations, together with the limitations imposed thereon and the privileges and immunities conferred thereby, exercised by a 'sheriff', 'sheriffs', a 'sheriff's deputy', 'sheriff's deputies', a 'deputy sheriff', 'deputy sheriffs', or a 'deputy', under section[] . . . 657-13 . . . shall be exercised to the same extent by the department of public safety.

HRS § 26-14.6(f).

With this background, the County of Kauai's argument that the "same rationale" should apply to exempt it from HRS § 657-13's tolling provision is simply without merit. The Hawaii State legislature has exempted the Department of Public Safety (through § HRS 26-14.6(f)) from the tolling provision; no similar statute exempts the County of Kauai.

11

Dusenberry was incarcerated on March 30, 2005, the date her cause of action accrued. The parties agree that she was released from custody on March 31, 2005. After tolling the period of Dusenberry's incarceration, the two-year statute of limitations expired on March 31, 2007. *See Bauernfiend v. AOAO Kihei Beach Condominiums*, 99 Haw. 281, 284, 54 P.3d 452, 455 (2002) (a complaint "filed on the second anniversary of [the] alleged injury" is timely under HRS § 657-7). March 31, 2007, however, fell on a Saturday. Pursuant to HRS § 1-29,

> [t]he time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a Sunday or holiday and then it is also excluded. When so provided by the rules of court, the last day also shall be excluded if it is a Saturday.

A rule of court, Hawaii Rule of Civil Procedure 6(a), does exclude a Saturday in computing a statute of limitation:

> In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday or a holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a holiday.

Applying HRS § 1-29 and Hawaii Rule of Civil Procedure 6(a), if the last day of a statute of limitations falls on a Saturday, the period runs until the next Monday (provided the Monday is not a holiday). In this case, the next Monday

after Saturday March 31, 2007 was April 2, 2007, the date the original Complaint was filed. The Complaint was timely filed as to the County of Kauai. *See Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002); *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002).

Dusenberry's claims against all defendants other than the County of Kauai are barred by the statute of limitations. Thus, as to Dusenberry (but not as to Prem), the court GRANTS the motions to dismiss Defendants Lum, Abbatiello, Kaui, and Fonoimoana without leave to amend and DENIES the motion to dismiss the County of Kauai.[5]

## V. **CONCLUSION**

For the reasons stated above, the court GRANTS in part and DENIES in part Defendant County of Kauai, Kauai Police Department, Scott Kaui and Vicki Fonoimoana's Motion to Dismiss, or in the Alternative, for Summary Judgment and GRANTS the remaining motions. Leave is GRANTED to file an amended complaint, only as specifically permitted in this Order. Plaintiffs are not granted leave to add additional parties, claims, or theories of liability not explicitly

---

[5] Each defendant originally claimed that Dusenberry's § 1983 claim was barred because she failed to notify the County of Kauai of her claims within six months of March 30, 2005, pursuant to section 23.06 of the County of Kauai charter and HRS § 46-72. During the October 1, 2007 hearing, all Defendants withdrew this argument based on intervening caselaw, *Silva v. City & County of Honolulu*, 115 Haw. 1, 165 P.3d 247 (2007).

permitted by this Order.  Any amended complaint permitted by this Order must be filed by November 12, 2007.

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawaii, October 12, 2007.



            /s/ J. Michael Seabright
            _____
            J. Michael Seabright
            United States District Judge

*Dusenberry et al. v. County of Kauai et al.*, Civ. No. 07-00180 JMS/LEK; Order (1) Granting in Part and Denying in Part Defendants County of Kauai, Kauai Police Department, Scott Kaui and Vicki Fonoimoana's Motion to Dismiss, or in the Alternative, for Summary Judgment; (2) Granting Defendant Lum's Joinder in Defendant County of Kauai, Kauai Police Department, Scott Kaui and Vicki Fonoimoana's Motion; (3) Granting Defendant Abbatiello's Joinder in Defendant County of Kauai, Kauai Police Department, Scott Kaui and Vicki Fonoimoana's Motion; (4) Granting Defendant Abbatiello's Motion to Dismiss, or in the Alternative, for Summary Judgment; and (5) Granting Defendant Lum's Joinder in Defendant Abbatiello's Motion